# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,              :       Case No. 3:09-cr-009

                                               District Judge Thomas M. Rose
      -vs-                                 Magistrate Judge Michael R. Merz

                                               :

TREVOR TRAMMELL,

       Defendant.

## REPORT AND RECOMMENDATIONS

Defendant Trevor J. Trammell has filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. No. 85). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides for a prompt examination of such a motion and a determination whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief ... ."

Under the General Order of Assignment and Reference, § 2255 motions are referred in the first instance to a magistrate judge for consideration.

Trammell's sole ground for relief is that he received ineffective assistance of trial counsel when his attorney failed to file a notice of appeal, having been expressly directed to do so by Defendant (Motion, Doc. No. 85, PageID 518).

Failure to file a notice of appeal on request is ineffective assistance of counsel without any showing of prejudice. *Ludwig v. United States,* 162 F.3d 456 (6th Cir. 1998). The Sixth Circuit also held "We emphasize, of course, that a defendant's actual "request" is still a crucial element in the Sixth Amendment analysis. The Constitution does not require lawyers to advise their clients of the

right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Ludwig*, 162 F.3d at 459. In *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), the Supreme Court rejected a *per se* rule which would require an attorney to file a notice of appeal regardless of whether the client asks. The Court held counsel must consult with the client about the advantages and disadvantages of taking an appeal when there is reason to think that a rational defendant would want to appeal or this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *See also Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004).

Trammell supports his Motion with an Affidavit in which he avers:

> 3. Upon my arraignment in the underlying criminal matter, attorney, Lawrence J. Greger, was appointed to represent me. Shortly after his appointment, Mr. Greger would meet with me at my then present place of incarceration at various times in an effort to discuss the case. And, while communication had between the two of us was not all that great, I eventually agreed to plead guilty to count two (2) of the indictment pursuant to a plea agreement. Shortly after agreeing to plead guilty to Count Two (2), I appeared before the Court and actually entered a plea of guilty. A Presentence Investigation Report was ordered, and as a result of that PSI, there were numerous factual and material objections that I wished to lodge with the Probation Department, however Mr. Greger assured me that we would resolve those on appeal. As a result of my guilty plea the Court sentenced me to 300 month term of imprisonment.
>
> 4. Immediately after pronouncement of the above-mentioned sentence, I instructed Mr. Greger to file notice of appeal on my behalf, and prior to our departure from the courtroom requesting that, "Please appeal this, I can't do 30 years[1] in prison, I'm only 20 years old. Please, help me!" To which Mr. Greger responded, "I will Trevor. I will prepare a notice of appeal as soon as I return to my office, and file it with the Court. I will also come see you before you are transported to prison so that we can discuss the merits of your appeal."

---

[1]Trammell is not serving a thirty-year sentence, but a 300-month sentence, which amounts to twenty-five years.

(Motion, Doc. No. 85, PageID 537-538.)

Trammell's Motion projects that Mr. Greger will file an affidavit denying this conversation and then Trammell will be entitled to an evidentiary hearing at which the Court will have to determine the relative credibility of Greger and Trammell, unless the Court immediately credits Trammell's story, vacates the judgment, and allows a new appeal.

However, Trammell has failed to recount relevant – and determinative – portions of the story. He did indeed plead guilty pursuant to a Plea Agreement (Doc. No. 59). Paragraph 12 of that Plea Agreement provides:

> The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the USAO in this plea agreement, the defendant hereby waives all rights to appeal the sentence imposed, any aspect of the sentence imposed, or the manner in which the sentence was imposed (including whether or not the sentence was imposed pursuant to the Sentencing Guidelines and including whether or not the Sentencing Guidelines were correctly applied), unless the sentence exceeds the maximum permitted by statute. The defendant also waives the right to challenge the sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255 (habeas corpus). If the USAO appeals the defendant's sentence, then the defendant shall be released from the above waiver of appellate and habeas corpus rights.

*Id.* at PageID 442-443. Judge Rose referred the plea colloquy proceeding involving this Plea Agreement to the undersigned who conducted that proceeding on December 30, 2009, carefully considering each paragraph of the Agreement with Trammell (Doc. No. 61). Having completed that plea colloquy, the undersigned concluded Trammell's plea of guilty pursuant to the Agreement was knowing, intelligent, and voluntary and recommended that it be accepted (R&R, Doc. No. 65). Defendant was allowed the statutory period of seventeen days to object, but did not do so then or ever and Judge Rose adopted the Report (Notation Order, January 20, 2010).

Thus by the Plea Agreement, which Trammell swore he understood and agreed to, he gave up any right to appeal. Assuming the truth of his allegation that he directed Mr. Greger to file a notice of appeal, that appeal would have been subject to immediate dismissal on motion of the United States by virtue of the Plea Agreement. A defendant in a federal criminal case may waive his right to appeal so long as the waiver is valid. *United States v. Fleming,* 239 F. 3d 761, 763-64 (6th Cir. 2001). Moreover, Trammell not only gave up his right to appeal, but also gave up his right to file the very motion before the Court, a collateral attack in the nature of habeas corpus under 28 U.S.C. § 2255.

Beyond these two points of waiver, Trammell's claim that he was somehow surprised by the sentence rings completely hollow: the Plea Agreement includes an agreed sentence of twenty-five years. (Plea Agreement, Doc. No. 59, ¶ 2, PageID 440.)

## Conclusion

Because Trammell waived any right to appeal his sentence or to attack it collaterally, the § 2255 Motion should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Trammell should be denied any certificate of appealability and leave to appeal *in forma pauperis*. Furthermore, his separate Motion for Leave to Appeal *in forma pauperis* (Doc. No. 87) should be denied as moot.

April 15, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).